UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------x
NIDAL ISA,
               Petitioner,

**MEMORANDUM OPINION AND ORDER**

v.

19 CV 3565 (VB)
12 CR 687 (VB)

UNITED STATES OF AMERICA,
               Respondent.
------------------------------------------------x

Briccetti, J.:

      Petitioner Nidal Isa, proceeding pro se, has moved for a writ of habeas corpus under 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") failed to calculate his good time credit under Section 102 (b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) ("the First Step Act" or "the Act"). Section 102(b)(1) of the First Step Act of 2018 amends 18 U.S.C. § 3624 and authorizes BOP to award up to fifty-four days of good-time credit per year, rather than the forty-seven days BOP could previously award. Petitioner contends his current projected release date of June 24, 2019, should be moved to April 11, 2019, to account for an additional seventy-five days of good time credit—fifty-four days in the current year plus twenty-one days in the previous three years.

      For the following reasons, this petition is transferred to the United States District Court for the Middle District of Pennsylvania.

      Because petitioner seeks relief for the computation of his sentence, his petition is properly characterized as one under Section 2241. Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241[] is the proper means to challenge the execution of a sentence. In a § 2241 petition, a petitioner may seek relief from such things as, for example, the administration

1

of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.").
In order to entertain a habeas corpus petition under Section 2241, a court must have jurisdiction over the custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

Here, petitioner is incarcerated at the Allenwood Federal Correctional Institution in Pennsylvania, which is located in the judicial district of the United States District Court for Middle District of Pennsylvania. Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 1406(a).[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket and transfer case no. 19 CV 3565 to United States District Court for the Middle District of Pennsylvania.

Dated: May 1, 2019
      White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge

---

[1] Even if this petition was properly before this Court, the majority of courts have concluded that the plain language of Section 102 of the First Step Act mandates the change to good-time credit calculations will not go into effect until July 2019. United States v. Scouten, 2019 WL 1596881, at *1 (W.D.N.Y. Apr. 15, 2019); United States v. Yates, 2019 WL 1779773, at *3 (D. Kan. Apr. 23, 2019) (collecting cases); see First Step Act, §§ 101(a), 102 (b)(1)(B).